## PHILADELPHIA NOVELTY MANUF'G CO. *v.* ROUSS.

*(Circuit Court, S. D. New York. July 8, 1889.)*

1. PATENTS FOR INVENTIONS—REISSUE—HAIR-CRIMPERS.

Complainant's original patent embraced hair-crimpers of two kinds,—one in which the fabric is stitched to the soft metal core; the other in which the fabric is fastened to the core by a metal fold, made by turning over the thin edges of the core, or of a strip of sheet-lead inside the fabric over the core. The original contained the clause: "I also modify my invention in various other equivalent ways, such as would suggest themselves to any intelligent mechanic," etc. The reissued patent contained claims for fastening the fabric to the core by cementing them together. *Held*, that the reissue was invalid, being an expansion of the original, and embracing a new, invention.

2. SAME—REISSUE—LACHES.

If it be conceded that the inventions claimed in the reissue were described in the original, then, such claims being expansions, and more than three years having elapsed after the original was granted before the reissue was applied for, the doctrine of laches applies, and the delay must be held unreasonable in the absence of explanatory averments in the bill.

In Equity. Bill for infringement of patent. On demurrer to bill.

*Joshua Pusey*, (*H. F. Fenton*, of counsel,) for complainant.

*John J. Jennings*, for defendant

WALLACE, J. All of the claims of the reissued patent in suit are for inventions not shown or suggested in the original patent, with the exception of claims 5 and 6. The invention of the original patent embraced hair-crimpers of two kinds,—one in which the fabric is applied to the soft metal core by stitching, and another in which the fabric is fastened to the core by a metal fold made by turning over the thin edges of the core, or of a strip of sheet-lead inside the fabric over the core. Two of the claims (the third and sixth) were for the core separately, with modifications, and all the others were for the core with the fabric attached to it in one of these specified ways. The specification of both the original and the reissued patent closes with this clause: "I also modify my invention in various other equivalent ways, such as would suggest themselves to any intelligent mechanic to meet special requirements." It is insisted now for the complainant that fastening the fabric to the core by cementing them together is an equivalent mode of fastening them to stitching or turning

in the lateral edges of the core or its supporting strip. Claims 1, 2, 3, 4, and 7 are expansions of claims of the original, apparently intended to embrace the cemented fastening in the claims, as well as the fastening by stitching or turning over the edges of the metal. If it is true, as argued, that this is only the introduction of an equivalent into the claims, it was wholly unnecessary; and it may reasonably be assumed that the patent-office did not so consider it. It must be held that these claims were designed to expand the claims of the original, and take in inventions which are not found in the original, and are therefore invalid. If it should be conceded that the inventions now claimed were described in the original patent, then, as the claims of the reissue are expansions, and more than three years elapsed after the original was granted before the reissue was applied for, the doctrine of laches applies; and the delay must be held unreasonable in the absence of any explanatory averments in the bill accounting for it. *Wollensak* v. *Reiher*, 115 U. S. 96, 5 Sup. Ct. Rep. 1137. The special demurrers to the bill are sustained. As the principal controversy has been upon the matters raised by these demurrers, costs are allowed to the defendant. The general demurrers are not sustained because, unless the patent is invalid for want of novelty, the fifth and sixth claims are good, and entitle the complainant to a decree for infringement; and the court cannot decide as matter of law upon the face of the patent without the aid of extrinsic evidence that those claims are destitute of inventive novelty.